IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHRISTINA T. SALAZAR,**

       **Plaintiff,**

v.                                                        **CIV. No. 07-1273 LH/LFG**

**NEW MEXICO FINANCE AUTHORITY,**
**WILLIAM C. SISNEROS, in his individual**
**capacity, JOHN T. DUFF, in his individual**
**capacity, and ROBERT CASWELL**
**INVESTIGATIONS,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Robert Caswell Investigations, Inc.'s Motion for Summary Judgment (Docket No. 44). Specifically, Defendant Robert Caswell Investigations, Inc. (hereinafter "RCI") seeks dismissal of the following counts of the Complaint: Count VII (negligent misrepresentation), Count IX (negligence), Count X (42 U.S.C. § 1983 conspiracy), Count XI (tortious interference with contractual relations), and Count XII (civil conspiracy). Having considered the parties' submissions, the relevant law, and being otherwise fully advised in the premises, the Court concludes that the motion should be **granted**.

**I. Discussion**

       Plaintiff Christina Salazar filed a complaint alleging thirteen federal and state law claims arising from what she characterizes as her wrongful termination as Administrative Services Director

for the New Mexico Finance Authority (hereinafter "NMFA").  The factual background of this case is set forth more fully in a *Memorandum Opinion and Order*, which has been filed immediately prior to the filing of this decision, resolving all claims against RCI's co-defendants, William C. Sisneros, John T. Duff, and the New Mexico Finance Authority (hereinafter "the NMFA Defendants").  In essence, this other opinion dismissed all federal claims contained in the Complaint  (Counts I, II, III, IV, and X) and declined to exercise supplemental jurisdiction over the remaining state law claims asserted against the NMFA Defendants.

Of these federal claims, only Count X, the claim brought for conspiracy under 42 U.S.C. § 1983, was brought against the NMFA Defendants and against RCI.  In its prior ruling, the Court has held that because Salazar has not shown that she was deprived of any constitutional rights, summary judgment must be granted to the NMFA Defendants on this claim.  This same reasoning applies to RCI, and accordingly summary judgment must be granted to RCI on this claim.

This leaves the state law claims against RCI.  For the same reasons contained in its prior decision, the Court declines to exercise supplemental jurisdiction over these remaining state law claims.

**WHEREFORE**, for the forgoing reasons, the Court concludes that Defendant Robert Caswell Investigations, Inc.'s Motion for Summary Judgment (Docket No. 44) shall be **granted.**

**IT IS THEREFORE ORDERED** that the following federal claim in the First Amended Complaint shall be **dismissed with prejudice** as to Defendant Robert Caswell Investigations, Inc.: Count X (the claim brought for conspiracy under 42 U.S.C. § 1983).

**IT IS FURTHER ORDERED** that because Romero has dismissed by stipulation Count VII, this count shall be **dismissed with prejudice** as to Defendant Robert Caswell Investigations, Inc..

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction

over Counts IX, XI and XII, and that these remaining state law claims against Defendant Robert Caswell Investigations, Inc. are **dismissed without prejudice**.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**